(No. 1146—Claimant awarded $3,750.00.)

DAVID ANDERSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1927.*

EQUITY AND GOOD CONSCIENCE—*when award may be made.* Although the State is not liable for injuries sustained by its employees, while in the performance of their duty, yet an award may be made as a matter of equity and good conscience in his favor, and compensation fixed according to the provisions of the Workmen's Compensation Act.

GILSON BROWN, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a claim filed by David Anderson, a patrolman employed by the Highway Department of the State of Illinois, on Roads 3 and 4 in Madison county, on account of injuries sustained by him in the following manner:    On October 6, 1925, he was assisting his supervisor, Edward M. Stubblefield, in placing a barricade about one-quarter of a mile north of Nameoki, where some repair work was being done.    It was

about dusk in the evening and Mr. Anderson was placing red lanterns and putting up the barricades. He had his work about completed, the lights were up, and as he stepped inside the barricade to put another piece along the center of the road an approaching automobile, running at a rapid rate of speed, crashed into the barricade, knocked the barricade against Mr. Anderson, pushing him over into a ditch, face downward in about ten inches of water. He was rendered unconscious, was pulled out of the ditch by his supervisor, Mr. Stubblefield, who was the only witness to the accident, and taken home by a passing automobile. He suffered a severe blow to his head, an injury to his breast and hip, and was confined to his home in St. Elizabeth's Hospital at Granite City, where he was later removed, for a period of over a month. Since leaving the hospital in December, 1925, he has not been able to do any work; walks with a cane and is a physical wreck; that nurses' bills, amounting to $84.00 and $144.00 have not been paid; that hospital and doctor bills have not been paid, and that claimant is permanently disabled and wholly incapacitated from performing any labor.

A demurrer filed by the Attorney General of the State of Illinois to the declaration is sustained, as a matter of law.

On the grounds of equity and good conscience, we believe that the claimant in this case should receive an award, and we accordingly award to him the sum of $3,750.00, being the amount he would be entitled to receive were he employed under the provisions of the Workmen's Compensation Act of the State of Illinois.